IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN D. MARSHALL, M. D.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICUS-SUMTER COUNTY HOSPITAL<br>AUTHORITY, d/b/a SUMTER REGIONAL<br>HOSPITAL, INC., d/b/a SUMTER REGIONAL<br>HOSPITAL, et al.,<br><br>Defendants. | *<br>*<br>*<br>* CIVIL ACTION NO.<br>* 1:01-CV-79-3(WLS)<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

*Brenda J. Littleton*

ORIGINAL

## PLAINTIFF'S SECOND AMENDMENT TO COMPLAINT

COMES NOW JOHN D. MARSHALL, and pursuant to Rule 15 of the Federal Rules of Civil Procedure, and amends his Complaint by adding the following paragraphs:

COUNT XVI

129.

Plaintiff realleges and incorporates herein by reference paragraphs 1 through 128 of the Complaint.

130.

On or about June 26, 2001, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission. A copy of the Charge of Discrimination is attached hereto as Exhibit 1 and is incorporated herein by reference.

131.

The Charge of discrimination referred to above in Paragraph 130 alleged that Plaintiff was



retaliated against by Defendant Southwest Georgia Healthcare Association, Inc., and Defendant Sumter Regional Hospital[1] for the NAACP opposing under Plaintiff's leadership as President, the racially discriminatory practices of said defendants.

132.

On or about November 30, 2001, Plaintiff received a Notice of Right to Sue from the EEOC. A copy of the notice of right to sue is attached hereto as Exhibit 2.

133.

The acts hereinbefore alleged constitute a violation of Title VII of the Civil Rights Act because defendants Sumter Regional Hospital and Southwest Georgia Healthcare Association, Inc. discriminated against Plaintiff John D. Marshall, M.D., an individual, with respect to the terms conditions, or privileges of his employment, because of his race.

134.

The acts hereinbefore allege constitute a violation of Title VII of the Civil Rights Act because the defendants Sumter Regional Hospital and Southwest Georgia Healthcare Association, Inc., retaliated against Plaintiff, individually, for filing a Charge of Discrimination with the EEOC while acting in his capacity as President of the Americus Sumter Chapter of the NAACP. The charge of discrimination was filed on behalf of Black employees of Sumter Regional Hospital who were

---

[1] The charge of discrimination was filed against both Sumter Regional Hospital and Southwest Georgia Healthcare Association, Inc., because both entities retaliated against Plaintiff because he filed a Charge of Discrimination on behalf of employees of Sumter Regional Hospital. As provided in paragraph 81 of the Complaint, SGHA and Sumter Regional Hospital conspired to professionally destroy Plaintiff. Because of the interrelation of operations, the centralized control of clinical privileges and medical staff privileges, and the common management of the two organizations, they both are liable for the adverse actions taken to Plaintiff by both entities.

discriminated against by Sumter Regional Hospital.

135.

The discriminatory actions taken against Black employees at Sumter Regional Hospital had a secondary effect on Plaintiff as a Black physician on the medical staff at Sumter Regional Hospital. Some of the same officers, agents and/or employees of Sumter Regional Hospital who exhibited discriminatory animus against Black employees of Sumter Regional Hospital were also in a position to exhibit discriminatory animus against Black physicians on the medical staff at Sumter Regional Hospital.

136.

While performing his duties as a Black physician on the medical staff at Sumter Regional Hospital, Plaintiff was stigmatized as a consequence of the discriminatory employment practices against other Black persons who were employees at Sumter Regional Hospital.

WHEREFORE, Plaintiff prays that with respect to Plaintiff's Second Amendment to Complaint,

(A)    That judgment be entered against Defendants Sumter Regional Hospital and Southwest Georgia Healthcare Association, Inc. for violation of Title VII of the Civil Rights Act;

(B)    That damages be awarded to Plaintiff pursuant to Title VII of the Civil Rights Act; and

( C )    For such other and further relief as the Court deems appropriate.

Respectfully submitted,

ERIC WYATT
Georgia Bar No. 778955

_[signature: George McGriff (w/perm EEW)]_
GEORGE W. MCGRIFF
Georgia Bar No. 493225

**MCGRIFF, CUTHPERT, WYATT & ASSOCIATES, LLC, P. C.**
Century Lake Office Park
1774 Century Boulevard, NE
Atlanta, Georgia 30345-3312
(404) 325-2755

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| JOHN D. MARSHALL, M. D., | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION NO. |
| v. | * 1:01-CV-79-3(WLS) |
| | * |
| AMERICUS-SUMTER COUNTY HOSPITAL | * |
| AUTHORITY, d/b/a SUMTER REGIONAL | * |
| HOSPITAL, INC., d/b/a SUMTER REGIONAL | * |
| HOSPITAL, et al., | * |
| | * |
| Defendants. | * |
| | * |

## CERTIFICATE OF SERVICE

This is to certify that I have caused a copy of the foregoing Plaintiff's Second Amendment to Complaint upon opposing counsel by depositing a copy of the same in the U.S. Mail with adequate postage affixed thereon, properly addressed as follows:

Bernard Taylor, Esq.
Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309

Michael A. Fennessy, Esq.
206 North Prince Street
P.O. Box 507
Americus, Georgia 31709

Thomas A. Greer, Esq.
Tisinger, Tisinger, Vance & Greer, P. C.
100 Wagon Yard Plaza
P. O. Box 2906
Carrollton, Georgia 30117

A. Gatewood Dudley as Agent for Service
For Gynecology Associates, P. C.
401. S. Lee Street
Americus, Georgia 31709

This 23rd day of May 2002.

_____
ERIC E. WYATT
Georgia Bar No. 778955
Attorney for Plaintiff

**McGRIFF, CUTHPERT, WYATT & ASSOCIATES, LLC, P. C.**
Century Lake Office Park
1774 Century Boulevard, NE
Atlanta, Georgia 30345-3312
(404)325-2755