
IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| JOHN D. MARSHALL, M.D., | : | |
| Plaintiff, | : | |
| v. | : | 1:01-CV-79/3(WLS) |
| AMERICUS-SUMTER COUNTY HOSPITAL AUTHORITY d/b/a SUMTER REGIONAL HOSPITAL, INC., et al., | : | |
| Defendants. | : | |

### AMENDED ORDER

Pending before the Court is Defendants' letter objecting to some of the language in the Court's November 22, 2002, Title VII Order. Specifically, Defendants object to the following sentence: "Defendants position that <u>Zaklama</u> supports their position is at best-erroneous, at worst-a bad faith argument." The Court did not state that Defendants or Defendants' counsel engaged in any bad faith conduct in this litigation. Nor did the Court say that Plaintiff or Plaintiff's counsel engaged in any bad faith conduct. Neither did the Court intend to imply such.

The Court acknowledges that it used strong language in the four orders that were issued on November 22, 2002. This language was in direct response to the actions of both parties who were pushing this litigation into an abyss of unnecessary litigiousness. It became clear that the parties were filing motions and objections that were quite tenuous considering the liberal discovery rules and prevailing case law. The Court feels strongly that both parties had fallen into this practice and believes it did not single out one party over the other. The Court notes that it gave the parties an



entire day of arguments and time for negotiations to resolve these disputes, but to no avail. The Court reminds the parties that they have a professional obligation to cooperate with each other and to follow the law and the spirit of the liberal discovery rules which are considerably broader than the rules for admissibility. The Court does not expect either party to abandon or give up any legitimate genuine discovery issue[1], but it does expect counsel to actively cooperate to resolve minor disputes in light of the Court's limited resources and available time.

To the extent that Defendant's letter asks this Court to excise the offending language or modify its previous order, the request is **DENIED**.

SO ORDERED, this _10th_ day of December, 2002

ENTERED ON DOCKET
_DEC. 10_, 20_02_
Gregory J. Leonard, Clerk
_[signature]_
Deputy Clerk

Hon. W. Louis Sands, Chief Judge
United States District Court

---

[1]. The Court has by no means in its orders or otherwise suggested that all issues raised by the parties were without merit. The Court addressed and noted these. The language complained of was directed at issues and positions the Court found to be questionable and which the Court believes the parties could have and should have resolved consistent with the federal discovery rules.

AO 72A
(Rev 8/82)